UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
KELLERAN & ASSOCIATES, INC.,

                    Plaintiff,                    NOT FOR PUBLICATION

          -against-                    **MEMORANDUM AND ORDER**

ZURICH SPECIALTIES LONDON, INC.,        05-CV-2452 (CBA)
                    Defendant.
------------------------------------------------------x
AMON, United States District Judge:

      Before the Court is a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant Zurich Specialties London Ltd. ("Zurich"). Plaintiff Kelleran & Associates, Inc. ("Kelleran") filed this declaratory judgment action, seeking a defense and indemnity from Zurich under a commercial general liability insurance policy, Policy Number 00118 (the "policy"). Zurich argues that the policy does not cover the incident at issue. For the reasons set forth below, this Court agrees and grants Zurich's motion for summary judgment.

**I.    Background**

      Kelleran seeks a defense and indemnity from Zurich in connection with a construction accident in which one of its employees was allegedly injured. Kelleran was engaged by property owners Anthony Powe and Kenneth Banta to act as construction manager for a construction project at 300 West 14th Street in Manhattan (the "14th Street property"). On July 17, 2001, a Kelleran employee, John Lopez, was allegedly injured in a construction accident at the 14th Street property. In July 2004, Lopez filed a personal injury suit based on that accident against several defendants, including Powe and Banta. In turn, Powe and Banta filed a third-party action

1

against Kelleran in April 2005 seeking common law and contractual indemnification and asserting breach of contract based on Kelleran's asserted failure to procure insurance for the benefit of third-party plaintiffs. Kelleran sought coverage from Zurich under its commercial general liability insurance policy. Zurich disclaimed coverage on the following grounds: (1) applicability of the policy's contractual liability exclusion; (2) applicability of the policy exclusion for injury to employees; and (3) late notice of both the occurrence and lawsuit. As a result, Kelleran commenced the current declaratory judgment action against Zurich.

## II. Discussion

### A. Standard of review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999).

Under New York law, an insurer seeking to avoid coverage based on a policy exclusion "must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." Continental Cas. Co. v. Rapid-American Corp., 609 N.E.2d 506, 512 (N.Y. 1993). Furthermore, any ambiguous provisions in the policy presented must be construed against the insurer. See Guardian Life Ins. Co. of Am. v Schaefer, 70 N.Y.2d 888, 890 (N.Y. 1987); Matter of KSI Rockville v Eichengrun, 305 A.D.2d 681, 682 (N.Y. 2003).

In the instant case, there is no dispute as to the relevant provisions, conditions, and

2

exclusions contained in the subject policy issued by Zurich to Kelleran. Rather, the only dispute is as to the proper interpretation of the terms of the policy. However, "[t]he construction and effect of a contract of insurance is a question of law to be determined by the court . . . ." Hartford Ins. Co. of the Midwest v. James S. Halt, et al., 223 A.D.2d 204, 212 646 N.Y.S.2d 589 at 594 (N.Y. App. Div. 1996); see also Topor v. Erie Ins. Co., 28 A.D.3d 1199, 816 N.Y.S.2d 631 (N.Y. App. Div. 2006). Thus, it may be properly determined by the court at summary judgment.

**B.      Policy Exclusions**

In its summary judgment motion, Zurich argues that it has no duty to defend or indemnify Kelleran in connection with the underlying tort action. In particular, Zurich argues that the policy's contractual liability and injury to employee exclusions apply.

The policy indemnifies Kelleran against three types of liability: "Bodily Injury and Property Damage Liability", "Personal and Advertising Injury Liability", and "Medical Payments." (See "Commercial Lines Policy" attached as Exh. C to Angelino Aff., hereinafter "Policy".) Kelleran does not dispute that it has tendered a contractual indemnification claim involving bodily injury to one of its employees. Thus, the parties appear to agree that the relevant provision for this lawsuit is "Coverage A", namely "Bodily Injury and Property Damage Liability." (Policy at I.A.)

Coverage A contains fourteen exclusions, including the injury to employees exclusion of subsection (e) (hereinafter "subsection (e)") and the contractual liability exclusion of subsection (b) (hereinafter "subsection (b)").[1] (Id. at I.A.2.(e), (b).) The injury to employee exclusion of

---

[1] The remaining exclusions are for: expected and intended injury; liquor liability; worker's compensation and similar laws; pollution; aircraft, auto or watercraft; mobile equipment; war; damage to property; damage to your product; damage to your work; damage to impaired property or property not physically injured; and recall of products, work or impaired

3

subsection (e) provides:

> This insurance does not apply to:
>
> e. Employers's Liability
>
> "Bodily injury" to:
> (1) An "employee" of the insured arising out of and in the course of:
> (a) Employment by the insured; or
> (b) Performing duties related to the conduct of the insured's business; or
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.
>
> This exclusion applies:
>
> (1) Whether the insured may be liable as an employer or in any other capacity; and
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

(Id. at I.A.2(e).) Thus, the injury to employees exclusion makes an exception for liability under an "insured contract." The policy defines an "insured contract" as:

> (a) A contract for lease of premises . . .; (b) A sidetrack agreement; (c) Any easement or license agreement . . .; (d) An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality; (e) An elevator maintenance agreement; or (f) that part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization . . . .

However, under the Contractual Liability Limitation Endorsement, "insured contract" is redefined to delete subsection (f). The parties agree that the contract pursuant to which Kelleran may have liability, and for which Kelleran seeks indemnification, does not qualify as an "insured contract" under the Contractual Liability Limitation Endorsement. (Pl. Br. at 8.) As a result,

---

property. (See Policy at I.A.2(a)-(n).)

Kelleran concedes that the injury to employee exclusion of subsection (e) applies. (Id.)

Kelleran argues, however, that the claim is covered because it falls within an exception to the contractual liability exclusion of subsection (b). However, it is irrelevant whether the contractual liability exclusion of subsection (b) applies if another exclusion, subsection (e), applies. That is, a claim is excluded from coverage under the contract if *any one* of the relevant exclusions applies. No reasonable reading of the policy leads to the conclusion that if an exception to one exclusion applies, the claim must be covered, even if another exclusion applies.

Furthermore, contrary to Kelleran's arguments, it is clear that the claim does not fall under an exception to the contractual liability exclusion of subsection (b), such that this exclusion also applies. The contractual liability exclusion provides:

> This insurance does not apply to:
>
> b. "Bodily injury" or "property damage" for which the insured is legally obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> > (1) That the insured would have in the absence of the contract or agreement; or
> > (2) Assumed in a contract or agreement that is an "insured contract", provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

(Policy at I.A.2(b).) Zurich argues that there are two exceptions to this exclusion, for non-contractual liability under subsection (b)(1) and for liability under "insured contracts" under subsection (b)(2). Zurich argues that neither of these exceptions apply, such that contractual liability exclusion under subsection (b) applies, barring coverage for the underlying third-party

5

claim.

Kelleran does not dispute that, absent an exception, the exclusion under subsection (b) applies. Kelleran also does not dispute that the non-contractual liability exception under subsection (b)(1) does not apply. However, Kelleran argues that the exception under subsection (b)(2) applies. Kelleran argues that subsection (b)(2) actually provide two separate exceptions for, the first for "contract[s]" and the second for "agreement[s] that [are] 'insured contract[s].'" Kelleran argues that it is seeking indemnification for liability assumed pursuant to a "contract," such that subsection (b)(2) applies. That is, Kelleran argues that the phrase "[a]ssumed in a contract or agreement that is an 'insured contract'" in subsection (b)(2) is ambiguous and that the clause "that is an 'insured contract'" modifies only "agreement" and not "contract."

Kelleran's interpretation of subsection (b)(2) is not reasonable. First of all, subsection (b) excludes liability arising "by reason of the assumption of liability in a contract or agreement," and contains an exception applies for liability that the insured would have "in the absence of the contract or agreement." Thus, for consistency with the remainder of subsection (b), an exception also exists for "a contract or agreement" if that "contract or agreement" is an "insured contract." Furthermore, the definition of "insured contract" includes both contracts (e.g., "[a] contract for lease of premises") and agreements (e.g., a "sidetrack agreement"). For consistency with that definition, subsection (b)(2) refers to a "contract or agreement that is an 'insured contract'." Thus, the exception under subsection (b)(2) applies only if liability is assumed pursuant to "a contract or agreement" if that "contract or agreement" falls within the definition of "insured contract." As Kelleran concedes that the contract at issue is not an "insured contract," the exception under subsection (b)(2) does not apply. Thus, the exclusion

6

under subsection (b) applies, and Kelleran is not entitled to coverage under the policy.

## CONCLUSION

The policy clearly and unambiguously excludes coverage for the underlying incident.

Thus, Kelleran's suit is without merit, and summary judgment is granted to Zurich.

Dated: Brooklyn, New York
November 29, 2006

Carol Bagley Amon
United States District Judge